IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOYCE B. GARDELLA, *Individually and as Representative of the Estate of Paul R. Gardella, Jr.*, ) ) ) ) ) ) *Plaintiff*, ) ) ) *v.* ) ) ) UNITED STATES OF AMERICA, ) ) ) *Defendant*. ) ) ) ) | Civil Action No. 1:15-cv-242 (LO/IDD) |

ANSWER OF DEFENDANT UNITED STATES OF AMERICA

Defendant United States of America answers the Plaintiff's Complaint as follows:

PARTIES

1. The United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first, second, and fourth sentences of paragraph 1 and therefore denies them. The United States admits the allegations of the third sentence of paragraph 1.

2. The allegations of paragraph 2 constitute legal conclusions to which no response is required. To the extent a response is required, the United States denies the allegations.

JURISDICTION AND VENUE

3. The allegations of paragraph 3 constitute legal conclusions to which no response is required. To the extent a response is required, the United States denies the allegations.

1

4.     The allegations of paragraph 4 constitute legal conclusions to which no response is required.  To the extent a response is required, the United States denies the allegations. Answering further, the United States admits that Plaintiff's administrative claim, dated March 17, 2014 was received by the Federal Aviation Administration (FAA) on March 24, 2014 and that it was denied on September 10, 2014.

5.     The allegations of paragraph 5 constitute legal conclusions to which no response is required.  To the extent a response is required, the United States denies the allegations. Answering further, the United States admits that the accident occurred in Fauquier County, Virginia, which is within the Eastern District of Virginia.

## FACTUAL ALLEGATIONS

6.     The United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 and therefore denies the allegations, except to admit that Piper N23SC was in radio communications with and receiving air traffic control services from the Potomac Consolidated Terminal Radar Approach Control facility (TRACON) on May 28, 2012.

7.     The United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 and therefore denies the allegations.

8.      The United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 and therefore denies the allegations.

9.     The United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 and therefore denies the allegations.

10.     The United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 and therefore denies the allegations.

11.     The United States denies the allegations in paragraph 11.

12.     The United States admits that Piper N23SC collided with Beechcraft N6658R on May 28, 2012, and that Mr. James M. Duncan and Paul R. Gardella, Jr.

died in the subsequent crash of Piper N23SC. The United States denies all remaining allegations in paragraph 12.

13.     The United States denies the allegations in paragraph 13.

## COUNT I

(Wrongful Death Against United States of America)

14.     The United States repeats and realleges its answers to the above paragraphs as if set forth in full herein.

15.     The United States admits that the United States, through the FAA, operates an air traffic control system that provides certain services to pilots, pursuant to applicable statutes and regulations. The United States denies all remaining allegations in paragraph 15.

16.     The allegations of paragraph 16 constitute legal conclusions to which no response is required. To the extent a response is required, the United States denies the allegations.

17.     The allegations of paragraph 17 constitute legal conclusions to which no response is required. To the extent a response is required, the United States denies the allegations.

18.     The allegations of paragraph 18, including all of its component sub-parts, constitute legal conclusions to which no response is required. To the extent a response is required, the United States denies the allegations.

19.     The allegations of paragraph 19 constitute legal conclusions to which no response is required. To the extent a response is required, the United States denies the allegations.

20.     The allegations in the first sentence of paragraph 20 constitute legal conclusions to which no response is required.  To the extent a response is required, the United States denies the allegations.  The United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 20 and therefore denies the allegations.

21.     The allegations of paragraph 21 constitute legal conclusions to which no response is required.  To the extent a response is required, the United States denies the allegations.

22.     The allegations of paragraph 22 constitute legal conclusions to which no response is required.  To the extent a response is required, the United States denies the allegations.

23.     The allegations of paragraph 23 constitute legal conclusions to which no response is required.  To the extent a response is required, the United States denies the allegations.

24.     The allegations of paragraph 24 constitute legal conclusions to which no response is required.  To the extent a response is required, the United States denies the allegations.

25.     The allegations of paragraph 25 constitute legal conclusions to which no response is required.  To the extent a response is required, the United States denies the allegations.

Plaintiffs' WHEREFORE clause does not require a response from the United States.  To the extent a response is required, the United States denies the allegations.

### GENERAL DENIAL

All of the allegations contained in Plaintiffs' Complaint not specifically addressed are denied.

### AFFIRMATIVE DEFENSES.

1.      The damages and injuries allegedly sustained by Plaintiffs were proximately caused by the conduct of Plaintiffs' decedent Paul R. Gardella, Jr. Therefore, Plaintiffs' claims are barred by contributory negligence.

2.      The damages and injuries allegedly sustained by Plaintiffs were proximately caused by the conduct of third persons or entities over which the United States had no control or right of control and for whom the United States is not legally responsible.  Therefore, Plaintiffs' claims are barred or must be reduced in accordance with the applicable law regardless of any alleged negligence by the United States or its agencies or employees, which alleged negligence is expressly denied.

3.       Plaintiffs' recovery, if any, is limited to the amount of the administrative claim presented to the FAA.  28 U.S.C. § 2675(b).

4.      Plaintiffs are not entitled to costs or disbursements.  28 U.S.C. §§ 2412(b) and 2412(d)(1)(A).

5.      Plaintiffs are not entitled to attorney fees.  28 U.S.C. §§ 1920, 2412.

6.      Plaintiffs are not entitled to a jury trial against the United States.  28 U.S.C. § 2402.

7.      Plaintiffs are not entitled to prejudgment interest.  28 U.S.C. § 2674.

WHEREFORE, the United States demands the dismissal of Plaintiffs' Complaint and its costs, disbursements, and the reasonable value of its attorneys' fees, and such other, further relief as the Court may deem just and proper.

        RESPECTFULLY SUBMITTED this 21st day of April, 2015.

                BENJAMIN C. MIZER
                Principal Deputy Assistant

Attorney General

DANA J. BOENTE
United States Attorney
Eastern District of Virginia

/s/ Antonia Konkoly
ANTONIA KONKOLY
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3799
Fascimile: (703) 299-3983
E-mail: Antonia.Konkoly@usdoj.gov


STEVEN J. RIEGEL
Senior Aviation Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, D.C. 20044-4271
Telephone: (202) 616-4049
Facsimile: (202) 616-4002
E-mail: Steven.Riegel@usdoj.gov

Of Counsel:
BRADLEY J. PREAMBLE
Office of the Chief Counsel
Federal Aviation Administration
800 Independence Avenue, S.W.
Washington, D.C. 20591

*Attorneys for Defendant United States*
 *of America*

6

<u>CERTIFICATE OF SERVICE</u>

I certify that on April 21, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing to the following:

**William Edward Artz**
William E. Artz, PC
1700 N. Moore St
Suite 1010
Arlington, VA 22209
(703) 243-3500
Email: wartz@artzlawfirm.com
*Attorney for the Plaintiff*

<u>/s/ Antonia Konkoly</u>
ANTONIA KONKOLY
*Attorney for the Defendant*